**E-FILED**
Wednesday, 10 December, 2014 03:26:04 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DEMETRIUS G. HILL, | ) |
| Plaintiff, | ) |
| v. | ) No.: 14-cv-1038-JES-JEH |
| ANDREW TILDEN, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, filed a Motion for Leave to File an Amended Complaint [16], which the Court hereby GRANTS. Plaintiff, who was recently released from the Illinois Department of Corrections, was at all times relevant to the Complaint incarcerated at the Pontiac Correctional Center. Plaintiff 's Amended Complaint alleges a § 1983 claim of Eighth Amendment deliberate indifference to his serious medical needs; and a state law claim of medical malpractice against, Dr. Andrew Tilden, Dr. Jan Doe, Warden Randy Pfister and Director Salvador Godinez. Plaintiff also requests Injunctive Relief.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).

Plaintiff claims that he has suffered severe weight loss, panic attacks, digestive tract pain, fatigue and trouble concentrating. He received treatment by Dr. Andrew Tilden, and Dr. Jan Doe who ordered blood work and scheduled Plaintiff for weekly checks. The Plaintiff was apparently

tested for HIV/AIDS and objects, indicating that he should have been tested for thyroid dysfunction. Plaintiff believes that his symptoms are attributable to a high soy diet and litigates defendants' refusal to give him a soy free diet. He alleges, further, that defendants have refused to order the thyroid testing he has requested and have, therefore, refused him necessary medical treatment. This, despite, Plaintiff's admission that he was being checked on a weekly basis during this period.

Plaintiff claims to have contacted all of the defendants and to have sent them literature regarding the dangers of his allegedly high soy diet. Plaintiff claims that all defendants were "aware of the harmful effect of the consumption of soy laden meals" and consciously disregarded that risk. [ECF 16 p. 13]. At the outset Warden Randy Pfister and Director Salvador Godinez must be dismissed as Plaintiff fails to allege that they personally participated in the alleged deprivation of his Eight Amendment rights . Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(internal quotations and citations omitted). Here, Plaintiff claims that he sent letters and literature to which these defendants did not respond. This is not enough to establish individual liability. "Plaintiff's belief that they should have intervened is not enough to establish liability under §1983." *Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("Even if [the plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under section 1983, merely be sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

In this case, Pfister and Godinez have added insulation for any claimed failure to intervene as they can be found to have reasonably relied on the expertise of the medical personnel who were caring for Plaintiff. *Arnett v. Webster,* 648 F.3d 742, 755 (7th Cir. 2011).

As to Drs. Tilden and Doe, Plaintiff fails at the pleadings stage to sufficiently allege deliberate indifference to his serious medical needs. "[T]he Eighth Amendment 'forbids cruel and unusual punishments; it does not require the most intelligent, progressive, humane, or efficacious prison administration.'" *Lee v. Young*, 533 F.3d 505, 511 (7th Cir. 2008). Plaintiff was being seen on a weekly basis and was subjected to blood testing for HIV/AIDS. While he claims that his thyroid should have been tested, he offers no objective basis for this opinion. A Plaintiff's disagreement with the plan of care determined by his physicians does not create a constitutionally cognizable right. *See Snipes v. De Tella,* 95 F.3d 586, 591 (7th Cir. 1996), "Medical decisions that may be characterized as … matter[s]for medical judgment, (internal cite omitted), such as whether one course of treatment is perferable to another, are beyond the [Eighth] Amendment's purview."

Plaintiff fails to successfully plead that Defendants engaged in cruel and unusual punishment in either the meals or medical care provided. *See also, Adams v. Talbor*, 2013 WL 5940630 *2 (C.D. Ill.)(dismissing soy claim at merit review stage for failure to state a claim and listing other cases); *Smith v. Rector*, 2013 WL 5436371 (S.D. Ill.)(prisoner's "vague allegations that the prison meals are nutritionally inadequate or depend too heavily on soy products do not support a constitutional claim.").

As the Court is dismissing Plaintiff's federal claims it declines to exercise supplemental jurisdiction over his state law claim. 28 U.S.C. § 1367(c)(3). In addition, Plaintiff's Request for Injunctive Relief is now MOOT. He cannot establish imminent danger where he is no longer in

3

the custody of the Illinois Department of Corrections. *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir. 2001); (A party seeking the injunction has the burden to prove that he will suffer irreparable harm during the time prior to final resolution of his claims).

**IT THEREFORE ORDERED:**

1) Plaintiff's Motion for Leave to File Amended Complaint [16] is GRANTED.

2) The federal claims in Plaintiff's Amended Complaint are dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendments would be futile as providing an allegedly high soy diet does not rise to the level of cruel and unusual punishment as to be prohibited under the Eighth Amendment. Similarly, the failure to order thyroid testing, based solely on Plaintiff's belief that his symptoms are the result of thyroid dysfunction, constitutes a difference of opinion as to the treatment Plaintiff wants provided him, not cruel and unusual punishment. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. All pending Motions are rendered MOOT and all internal deadlines are VACATED.

3) The Court dismisses Plaintiff's state law medical malpractice claim for lack of subject matter jurisdiction.

4) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

5) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency formerly having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order, if such funds are

available. If funds are not available the Plaintiff is to make arrangements for periodic payments on the filing fee with the Clerk of Court.

6) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

12/10/2014　　　　　　　　　　　　　　　　　　s/ James E. Shadid
ENTERED　　　　　　　　　　　　　　　　　　JAMES E. SHADID
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE